UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MICHAEL JENNINGS                                                    PETITIONER

v.                                                 CIVIL ACTION NO. 3:06CV-P309-S

JAMES L. MORGAN, WARDEN                                            RESPONDENT

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of the petitioner, Michael Jennings, to alter and amend the court's memorandum opinion and order of July 13, 2007 (DN 16), and for leave to file citation to supplemental authority in support of his motion to amend (DN 17).

We will briefly restate the facts underlying this action brought under 28 U.S.C. § 2254.

The petitioner, Michael Jennings, pled guilty to two counts of murder and was sentenced to life in prison on June 1, 1995.  He was a juvenile offender at the time of his plea and sentencing. On December 18, 1995 when Jennings was 16 years old, he was transferred into adult custody of the Department of Corrections by agreed order in which he purportedly waived his rights to any procedures in connection with the transfer.  Jennings moved for a hearing before the sentencing court for review of his sentence in accordance with KRS 640.030(2), a provision of the Kentucky Unified Juvenile Code.  A hearing was held on July 6, 2005.  Jennings' initial sentence was reaffirmed after the state court determined that probation with or without a sentencing plan was inappropriate.  KRS 640.030(2). Jennings did not appeal the July 6, 2005 order, but rather filed this habeas corpus petition on June 22, 2006.

The respondent, James L. Morgan, Warden, moved to dismiss the petition as untimely inasmuch as it was not filed prior to April 24, 1997, the expiration of the one-year grace period established by the Antiterrorism and Effective Death penalty Act of 1996 ("AEDPA"), 28 U.S.C.

§ 2244(d)(1), for habeas petitions in cases where final judgment was entered prior to the effective date of the AEDPA. Jennings, however, contended that final judgment in his case was not entered until July 6, 2005, the date upon which the state court reaffirmed his sentence upon the statutory review due him after his eighteenth birthday.

The court noted that it was faced with a matter of first impression in this Circuit with respect to the question of the finality, for purposes of applying the statute of limitations of the AEDPA, of a Kentucky circuit court judgment and sentence imposed upon a youthful offender under the scheme of the Kentucky's Unified Juvenile Code. In an opinion entered July 12, 2007, the court expressed some concern over the fact that the existing federal caselaw analyzing the finality of judgments question did not address the peculiarities of the juvenile justice system and judgments rendered in that arena. The court looked to Kentucky law for additional guidance. The court concluded that the feature of KRS 640.030 which provides for review of a juvenile's sentence upon his attainment of the age of 18, is peculiar to the Kentucky Unified Juvenile Code and its "ameliorative" objectives. However, the court found that despite the employment of juvenile sentencing procedures, an analogy could be drawn in Jennings' case to the resentencing cases under federal law.

The court then adopted the reasoning and recommendation of the magistrate judge that the court follow the Eleventh Circuit decision in *Rainey v. Secretary for the Department of Corrections*, 443 F.3d 1323 (11th Cir. 2006) in which it was determined that a habeas corpus petitioner who was re-sentenced and who only challenged the original trial proceedings without raising any challenges based on re-sentencing procedures was not entitled to the benefit of a new statute of limitations period commencing from the date the resentencing judgment became final. *Rainey*, 443 F.3d at 1324. In the case at bar, Jenning contended in his petition that he (1) received ineffective assistance of counsel when his trial attorney advised him to plead guilty to avoid the death penalty when, as a 14-yr.-old, he was ineligible for the death penalty, and (2) he did not knowingly and intelligently waive his statutory right to a juvenile transfer hearing. As these matters were germaine only to the

original sentence imposed in 1995 and not to the 2005 review of his sentence, the court found that

the one-year statute of limitations expired on April 24, 1997 and the petition was time-barred.

Jennings has moved to alter or amend the July 12, 2007 memorandum opinion and order on

the ground that the recent decision of *Burton v. Stewart*, 127 S.Ct. 793 (2007) requires reversal of

our decision. Jennings further noted that the Eleventh Circuit recently determined that its decision

in *Rainey* was overruled to the extent that it was inconsistent with *Burton v. Stewart*, 127 S.Ct. 793

(2007). *See, Ferreira v. Secretary for the Department of Corrections*, 2007 WL 2239265 (11th

Circuit, August 7, 2007). Morgan has not filed a response to either the motion to alter or amend or

the motion for leave to file supplemental authority. There being no objection, the motion for leave

to file supplemental authority (DN 17) is **GRANTED**. The court will therefore consider the impact

of the *Burton* and *Ferreira* cases on our earlier decision.

Upon review of these cases, it appears abundantly clear that *Burton* controls the outcome of

the motion to dismiss and that our memorandum opinion and order must be vacated. The Supreme

Court stated in *Burton* that AEDPA:

> states that the limitations period applicable to "a person in custody pursuant to the
> judgment of a State court" shall run from, as relevant here, "the date on which the
> judgment became final by the conclusion of direct review or the expiration of the
> time for seeking such review." § 2244(d)(1)(A). "Final judgment in a criminal case
> means sentence. The sentence is the judgment." *Berman v. United States*, 302 U.S.
> 211, 212, 58 S.Ct. 164, 82 L.Ed.2 204 (1937). Accordingly, Burton's limitations
> period did not begin until both is conviction *and* sentence "became final by the
> conclusion of direct review or the expiration of the time for seeking such
> review"–which occurred well *after* Burton filed his 1998 petition...Section 2254(a)
> states that a district court "shall entertain" a habeas petition "in behalf of a person in
> custody pursuant to the judgment of a State court."

*Burton*, 127 S.Ct. at 798-99. Key to this court's application of the AEDPA statute of limitations is

the Supreme Court's statement that "[f]inal judgment in a criminal case means sentence," as applied

to a person in custody pursuant to the judgment of a State court. Jennings was in custody pursuant

to the July 6, 2005 order of the circuit court judge reaffirming Jennings' sentence  pursuant to KRS

640.030.  As the judgment in the case is the sentence, the habeas petition filed on June 22, 2006 was

timely.

The Eleventh Circuit decision in *Ferreira* comports with our conclusion.  The Eleventh

Circuit noted that the Supreme Court in *Burton* applied AEDPA "and held that the judgment that

forms the basis of the habeas petition is the one that places the petitioner in custody." *Ferreira*, 494

F.3d at 1292.  The court then concluded:

> When Ferreira filed his petition in the district court on June 10, 2003, he was "in custody pursuant to" the 2003 judgment, which was based on the December 10, 1997 conviction and the April 14, 2003 sentence.  28 U.S.C. § 2254(a), 2244(d). Therefore, the April 14, 2003 judgment that imprisoned Ferreira controls the statute of limitations for this petition because the period begins to run when both the conviction *and* sentence are final...*Burton* makes clear that the writ and AEDPA, including its limitations provisions, are specifically focused on the judgment which holds the petitioner in confinement.  What this Court has previously called the judgment of conviction and the sentencing judgment together form the judgment that imprisons the petitioner...[T]he Supreme Court in *Burton* overruled our prior precedent in *Ferreira* and *Rainey*.  We now hold that AEDPA's statute of limitations begins to run when the judgment pursuant to which the petitioner is in custody, which is based on both the conviction and the sentence the petitioner is serving, is final."

*Ferreira*, 494 F.3d at 1292-93.

As we conclude that the Supreme Court in *Burton* clarified the proper application of the

limitations period in AEDPA, we need not address Jennings' additional arguments concerning our

interpretation of the sentencing scheme in the Kentucky Unified Juvenile Code.  Therefore, **IT IS**

**HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, Michael Jennings , to

alter or amend (DN 16) is **GRANTED**, the court's July 12, 2007 memorandum opinion and order

**ARE VACATED**, and this memorandum and order constitute the ruling of the court on the motion

of the defendant, James L.Morgan, Warden, to dismiss (DN 9) which is **DENIED.**

**IT IS SO ORDERED.**